ANDERSON ET AL., BANK EXAMINER, v. OWEN ET AL.

[73 South. 286, Division B.]

BANKS AND BANKING. *Insolvency. Claims. Guaranteed deposits.*

On the insolvency of a bank the deposits of which are guaranteed under the state banking law (Laws 1914, chapter 124), a depositor has a claim for the full amount of his deposits, undiminished by a check against such deposits for sight exchange, on which sight exchange payment was refused on account of insolvency and liquidation proceedings of the bank, in the absence of proof by the liquidators that the sight exchange was in fact accepted as payment of the checks.

APPEAL from the chancery court of Newton county. HON. G. C. TANN, Chancellor.

Ancillary petition in liquidation proceedings by W. F. Owen, receiver and another, against E. F. Anderson and others, Bank Examiners. From a decree overruling a demurrer to the petition, the bank examiners appeal.

This controversy grows out of the following state of facts: The Bank of Newton being insolvent, its affairs and estate were taken in charge for liquidation by E. F. Anderson, representing the board of bank examiners, under and by virtue of chapter 124, Laws 1914. The doors of the bank were closed in order that the bank might be liquidated and its affairs wound up in accordance with the provisions of the state banking act.

A few days before the bank closed and went into the hands of the examiners, W. F. Owen, as receiver of the New Orleans, Mobile & Chicago Railroad Company, one of the appellees herein, having on deposit in the said bank four thousand seven hundred eleven dollars and seventy-seven cents drew a draft on his checking account for one thousand dollars and deposited same with a bank in Mobile, Ala. This draft for one thousand dollars was duly presented, and in exchange therefor the agent of the depositor received the sight exchange of the Bank of Newton on the First National Bank of Meridian, Miss., and this sight exchange was, in due course of business, presented for payment and same was refused, for the reason that the bank was insolvent and in process of liquidation. Likewise, the Atlantic Life Insurance Company, the other appellee herein, had on deposit three thousand and five hundred ninety-two dollars and fifteen cents, and on February 8, 1916, and before the doors of said bank were closed, it drew a check on its account for one thousand and five hundred dollars, and received in lieu thereof sight exchange on the First National Bank of Meridian, which was likewise in due course of business presented and dishonored, for the reason that the property and affairs of the bank were in the hands of liquidators. Thereafter, and in the course of the administration of the estate of said bank, the liquidators, in pursuance of section 36 of the state banking law aforesaid, executed and delivered to appellees certificates for their deposits, but limited the amount of these certificates to the deposits reflected by the books of the bank at the time the examiners took charge. These certificates did not embrace the amounts represented by the sight exchange given appellees upon the First National Bank of Meridian. The liquidators took the position that W. F Owen, receiver, was depositor for only three thousand and seven hundred eleven dollars and seventy-seven cents, and that the Atlantic Life

Insurance Company was depositor for only two thousand and ninety-three hundred dollars and fifteen cents. They further contended that the indebtedness evidenced by the cashier's checks or sight exchange no longer constituted a deposit but that, as to these items, appellees were simple creditors, without the benefits and security which chapter 124, Laws 1914, accords the deposits. Appellees, on the contrary, contend that they are depositors for the entire amount of their claims and are entitled to have depositors' certificates according them the benefits of the guaranty fund provided by the act. In the course of the administration, appellees presented an ancillary petition to the chancery court having jurisdiction of the estate, asking that the state bank examiners be authorized and directed to treat petitioners in all respects as depositors for the full amount of their respective claims, and to accord to petitioners all the rights and benefits guaranteed to depositors by the statute. That facts in connection with the deposit, and the issuance of the sight exchange on the First National Bank of Meridian, were stated in detail in the petition. A demurrer was interposed to the petiton and by the court overruled, and this appeal granted from the decree overruling the demurrer.

*Watkins & Watkins,* for appellant.

The question squarely presented in this case is as to whether or not the petitioners were and remained depositors for their respective indebtedness, evidence by the cashier's checks, which had been substituted and accepted by them in lieu of their deposits, and with which their respective accounts had been debited, it will be noticed that the act deals with two classes of deposits; see section 38, deposits guaranteed by the act, and deposits which are not guaranted by the act; and it is provided that guaranteed deposits are deposits which are not secured. If appellees, for the items which

are in dispute, are depositors at all, they, of course, are entitled to participate in the guaranty fund, and are entitled to interest bearing certificates provided in section 38 of the act, the question being, however, as to whether or not they changed their relation of depositors to that of ·simple creditors by accepting the cashier's checks in question, with which their respective accounts became debited. It is clear that after they were debited with the respective items, their balances were diminished, and after receiving the cashier's checks, the books of the bank being debited with the respective items, showed their diminished balances.

Now, it will be noted that not every claim against a bank is guaranteed; not only not every claim is guaranteed, but not every depositor is guaranteed, but only a restricted and limited class of depositors. We respectfully submit that in using the word "deposits" in section 38 of the act, the word was used in ·its usual, customary and ordinary sense. It meant unsecured bank balances, subject to check in the usual course of business. This class of depositors and creditors of the bank were guaranteed; others were merely simple creditors.

It is therefore perfectly obvious that a person having a claim against a bank may be a depositor one moment, and then in lieu of the deposit, may accept· some obligation evidencing the relation of debtor and creditor by termination of the relation of depositor in the generally accepted sense. Ordinarily, the word deposit or depositor has a fixed meaning. *Commonwealth* v. *Sponsor,* 16 Pa. C. O. Ct. R. 116-119; *Anheuser-Busch Brewing Co.* v. *Clayton* (C. C. A.), 56 Fed. 759; *In Re Brandywine Bank,* 1 Chas. Rep. 431-433; *State Savings Bank* v. *Foster,* (Mich.), 79 N. W. 499, 118 Mich. 268, 42 L. R. A. 404; *Catlin* v. *Bank,* 7 Conn. 487; *Wright* v. *Holmes* (Maine), 3 L. R. A. (N. S.) 769; *States* v. *Corning Savings Bank* (Ia.), 113 N. W. 500, 136 Ia. 79; *Wilkinson County* v. *Arthur* (S. C.), 74 S.

E. 361, 911 S. C. 163; *Carroll* v. *Corning Saving Bank*
(Ia.),—N. W. 97, 127 Ia. 198; *Pratt* v. *Union National
Bank* (N. J.), 75 A. 313; *Nebraska* v. *First Nat'l Bank,*
88 Fed. 947; *Hunt* v. *Hopley,* 95 N. W. 205, 206, 102 Ia.
695, citing *In re Law's Estate,* 144 Pa. 499, 22 Atl. 831,
14 L. R. A. 103; *State* v. *McFetredge,* 84 Wis. 473, 54 N.
W. 998, 20 L. R. A. 223; *In re Law's Estate,* 22 Atl. 831,
832, 144 Pa. 499, 14 L. R. A. 103; *State* v. *McFetredge,* 54
N. W. 1, 11, 84 Wis. 473, 20 L. R. A. 223; *Langford, State
Bank Commissioner,* v. *Schroeder,* 147 Pac. 1049, Law
Rep. Ann. 1915, F. 623; *Columbia Bank & T. Co.* v.
*United States Fidelity & Guaranty Co.,* 33 Okla., 535,
126 Pac. 556; *Lankford* v. *Oklahoma Engraving &
Printing Company,* 35 Okla. 404, 103 Pac. 278.

We think that these authorities are decisive of the
question. The ancillary petition of the appellees is
based upon the theory that they were depositors, that
they were entitled to interstate bearing certificates
provided for in section 38 of the act; that the bank
examiner had refused to issue such interest bearing
certificates for the items in dispute, and the petition
is brought to compel their issuance in order that they
may share in the advantages of the bank guaranty
fund. It follows from these authorities that the appellees
were not depositors, and were not entitled to the
advantages of the act in question as guaranteed depositors,
the demurrer of the appellants should have
been sustained and the petition dismissed.

*Flowers, Brown, Chambers & Cooper,* for appellee.

The question, therefore, is, did the fact that the Bank
of Newton in honoring the checks of appellees by issuing
its checks on its account in another bank thereby
alter the character of the bank's indebtedness to appellees,
changing them from depositors to simple creditors
when such checks so issued in payment were not

paid by reason of the bank's own act, or an act beyond the reach of appellees.

The question is necessarily one where little authority in point can be found. The question whether a person is a simple creditor or depositor has never been material in many cases. General principles must, therefore, be controlling. *Nebraska* v. *First National Bank,* 88 Fed. 947; *Hunt* v. *Hopley,* 95 N. W. 204, 206, 120 Ia. 695, citing *In re Law's Estate,* 144 Pa. 499, 22 Atl. 831, 14 L. R. A. 103; *State* v. *McFetredge,* 84 Wis, 473, 54 N. W. 998, 20 L. R. A. 223; *In re Law's Estate,* 22 Atl. 831, 832, 144 Pa. 499, 14 L. R. A. 103; *Eyrich* v. *Capital National Bank,* 67 Miss. 60, 6 So. 615; 1 Morse, Banks, sec. 326; 7 Corpus Juris., page 641.

From the authorities cited we get the principle that a depositor of a bank is a creditor of the bank and entitled to be paid the amount of his deposit on demand in money. This duty to pay is that of any debtor. In fact the court will not find the books making any distinction between banks and other debtors.

It was the duty of the Bank of Newton to pay and they did so by check which was dishonored. Is this a payment of the deposit? We submit that it is not. *Citizens Bank* v. *Kretschmar,* 91 Miss. 608, 44 So. 930; *Taylor* v. *Conner,* 41 Miss. 722, 97 Am. Dec. 419; *Wadlington* v. *Covert,* 51 Miss. 631; *Fleigh* v. *Sleet,* 43 Ohio St. 53, 1 N. E. 24, 54 Am. Rep. 800; *Weddingan* v. *Boston Elastic Fabric Company,* 100 Mass. 422; *Born* v. *Bank,* 7 L. R. A. 442.

Counsel say we have no deposit. The *Kretschmar Case, supra,* holds that the giving of a worthless check does not keep the debt from being a continuing, subsisting debt from the date the worthless check was given. We think counsel's contentions fall to their own weight.

This conclusion being correct the case must be affirmed.

STEVENS, J., delivered the opinion of the court.

We are of the opinion that the petition of appellees sufficiently states a case for relief. The bill charges that the Bank of Newton had on deposit in the First National Bank of Meridian sufficient funds to pay the sight exchange given appellees. These funds on deposit in Meridian went into the hands of the bank examiners as a part of the assets. The only reason why this paper of the Bank of Newton was dishonored was because the institution had gone into the hands of a receiver and its property was *in custodia legis.* If the bank had not failed, this sight exchange would have been honored. By the bank's failure and the consequent insolvency proceedings, appellees are unable to collect the sight exchange given to them, and it seems clear to us the depositors' checks—that is, the original checks issued by appellees upon their individual accounts—have never, in fact, been paid. The sight exchange held by appellees should either be paid in full or the parties should be placed in the same position they were in before their checks were issued and presented. There is no showing that the sight exchange given appellees was accepted as payment, and the burden of proof would be upon the Bank of Newton, and consequently would here be upon the liquidators, to show that the sight exchange was in fact accepted as payment. The case falls within the principle clearly announced by our court in *Citizens' Bank of Greenville* v. *Kretschmar,* 91 Miss. 608, 44 So. 930. If either one of the appellees had deposited to his individual account in the Bank of Newton a worthless check drawn by, or a draft drawn upon, a third party, there would be no question but that, under the general rule of good banking, the Bank of Newton would charge back such dishonored check or draft against the account of appellee. We see no reason why the rule should not work both ways. It is the real indebtedness and not the apparent credit upon the books of the bank that

should govern in any controversy between the bank and its depositors. The fact that appellees had on deposit, before the bank failed, the larger sums here contended for is undisputed. No part of these sums has been paid; the state banking law was intended to afford security for these funds. The remedial and salutary effect of the statute should not be restricted or limited by any narrow interpretation. We think the full amount of appellees' claims should be classed and treated as guaranteed deposits. The action of the chancellor in overruling the demurrer is accordingly approved, and the cause remanded for further proceedings.

*Affirmed and remanded.*